UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


PATRICK EDWARD FENDER,

        Petitioner,

v.                                                            CASE NO. 10-14604
                                                              HONORABLE DENISE PAGE HOOD
HEIDI WASHINGTON,

        Respondent.

_____/

## ORDER GRANTING PETITIONER'S MOTION FOR A STAY
## AND CLOSING THIS CASE FOR ADMINISTRATIVE PURPOSES

### I.  Introduction

Pending before the Court are petitioner Patrick Edward Fender's *pro se* petition for the writ of habeas corpus and motion to stay these proceedings.  The habeas petition challenges Petitioner's state convictions for criminal sexual conduct and attempted criminal sexual conduct on three grounds:  (1) plain error in scoring offense variable 10 of the Michigan sentencing guidelines; (2) ineffective assistance of trial counsel (failing to request a jury trial); and (3) coerced waiver of a jury trial.

Petitioner apparently raised his first habeas claim in applications for leave to appeal in the Michigan Court of Appeals and Michigan Supreme Court.  The Court of Appeals denied leave to appeal on June 29, 2009, and the Michigan Supreme Court denied leave to appeal on November 23, 2009.

Petitioner alleges in his motion for a stay that he intends to raise his second and third habeas claims in a motion for relief from judgment in the trial court.  He seeks a stay

of these proceedings so that the one-year statue of limitations does not expire while he is pursuing relief in state court.

## II. Discussion

The doctrine of exhaustion of state remedies requires state prisoners to fairly present all their claims to the state court before raising their claims in a habeas corpus petition. *See* 28 U.S.C. § 2254(b)(1)(A) and § 2254(c); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842, 845, 119 S. Ct. 1728, 1732-32, 144 L. Ed.2d 1 (1999). For state prisoners in Michigan, this means that they must present each claim to the Michigan Court of Appeals and to the Michigan Supreme Court before filing a federal habeas corpus petition. *See Wagner v. Smith*, 581 F.3d 410, 414 (6th Cir. 2009).

The pending petition appears to be a "mixed" petition of one exhausted claim (claim one) and two unexhausted claims (claims two and three). District courts ordinarily must dismiss petitions containing exhausted and unexhausted claims, "leaving the prisoner with the choice of returning to state court to exhaust his claims or of amending or resubmitting the habeas petition to present only exhausted claims to the district court." *Rose v. Lundy*, 455 U.S. 509, 510, 102 S. Ct. 1198, 1199, 71 L.Ed.2d 379 (1982). A dismissal of Petitioner's habeas petition for failure to exhaust state remedies for all his claims could preclude future consideration of Petitioner's claims due to the expiration of the one-year statute of limitations. *See* 28 U.S.C. § 2244(d).

Faced with a similar dilemma, some courts have adopted a "stay and abeyance" approach. *Rhines v. Weber*, 544 U.S. 269, 275, 125 S. Ct. 1528, 1534, 161 L. Ed. 2d 440 (2005). Under this approach, courts stay the habeas petition while the inmate returns to state court to pursue additional remedies for the unexhausted claims. *Id.*, 544 U.S. at 275;

2

125 S. Ct. at 1534.  As explained in *Duncan v. Walker*, 533 U.S. 167, 121 S. Ct. 2120, 150

L. Ed. 2d 251 (2001),

> there is no reason why a district court should not retain jurisdiction over a
> meritorious claim and stay further proceedings pending the complete
> exhaustion of state remedies.  Indeed, there is every reason to do so when
> [28 U.S.C. § 2254(b)(2)] gives a district court the alternative of simply
> denying a petition containing unexhausted but nonmeritorious claims . . . and
> when the failure to retain jurisdiction would foreclose federal review of a
> meritorious claim because of the lapse of [the] 1-year limitations period.

*Id*., 533 U.S. at 182-83, 121 S. Ct. at 2130 (Stevens, J., concurring in part and concurring

in the judgment).  After the state court completes its review of the inmate's new claims, the

federal court can lift its stay and allow the inmate to proceed in federal court.  *Rhines v.

Weber*, 544 U.S. at 275-76, 125 S. Ct. at 1534.

Stay and abeyance are permissible when (1) there was good cause for the

petitioner's failure to exhaust his claims first in state court, (2) the unexhausted claims are

not plainly meritless, and (3) the petitioner is not engaged in intentional dilatory litigation

tactics.  *Id*., 544 U.S. at 277-78,  125 S. Ct. at 1535.  Although Petitioner could have filed

his motion for relief from judgment in the trial court before filing his habeas petition, he is

not engaged in abusive litigation tactics, and his unexhausted claims are not plainly

meritless.  Thus, it is not an abuse of discretion to stay this case.

Accordingly, the motion for a stay [Docket No. 3, filed on Nov. 18, 2010] is

**GRANTED**.  The Court's stay is conditioned on Petitioner filing his state court motion for

relief from judgment within **ninety (90) days** of the date of this order if he has not already

filed the motion.  The Court's stay is further conditioned on Petitioner filing an amended

petition and a motion to re-open this case within **ninety (90) days** of exhausting state

remedies for his second and third claims.

The Clerk of the Court is **ORDERED** to close this case for administrative purposes.

This administrative closing shall not be construed as a dismissal or adjudication of

Petitioner's claims.


s/Denise Page Hood
Denise Page Hood
United States District Judge

Dated:  April 21, 2011

I hereby certify that a copy of the foregoing document was served upon Patrick Fender #691073, 3855 Cooper Street, Jackson, MI 49201 and  counsel of record on April 21, 2011, by electronic and/or ordinary mail.

s/LaShawn R. Saulsberry
Case Manager