UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PATRICK EDWARD FENDER,

        Petitioner,

v.                                            CASE NO. 10-14604
                                              HONORABLE DENISE PAGE HOOD

HEIDI WASHINGTON,

        Respondent.

_____/

## ORDER GRANTING PETITIONER'S SECOND MOTION FOR A STAY, GRANTING IN PART AND DENYING IN PART PETITIONER'S MOTION TO VACATE, AND CLOSING THIS CASE FOR ADMINISTRATIVE PURPOSES

### I. Introduction

On November 5, 2010, petitioner Patrick Edward Fender filed a *pro se* petition for the writ of habeas corpus and a motion to stay the federal court proceedings. The habeas petition challenged Petitioner's Arenac County convictions for first-degree criminal sexual conduct and attempted third-degree criminal sexual conduct. Petitioner alleged that: (1) the trial court committed plain error by assessing fifteen points for offense variable ten of the Michigan sentencing guidelines; (2) trial counsel was ineffective for failing to assert Petitioner's right to plead not guilty and to request a jury trial; and (3) the trial court coerced him into waiving his right to a jury trial.

In his motion for a stay, Petitioner alleged that he planned to file a motion for relief from judgment in state court. He sought to hold his habeas corpus petition in abeyance while he pursued state court remedies.

Petitioner filed his motion for relief from judgment in state court on or about November 29, 2010. In his supporting brief, he alleged that trial counsel was ineffective for failing to defend Petitioner's right to plead not guilty and to request a jury trial and that the trial court erred in scoring fifteen points for offense variable ten of the sentencing guidelines. This Court subsequently granted Petitioner's motion for a stay and closed this case for administrative purposes. *See* Docket No. 10, dated April 22, 2011.

On February 23, 2012, Petitioner filed an amended petition for the writ of habeas corpus. He alleged that public officials had conspired to charge him with a felony in order to extort money from him and that the alleged victim, who was an underage girl, coerced him into having sexual relations with her. In light of the amended petition, the Court re-opened this case on March 13, 2012, and directed Respondent to file a responsive pleading.

On August 1, 2012, Petitioner moved to vacate the Court's March 13, 2012 order directing Respondent to file a responsive pleading. In his motion, Petitioner alleges that he wants to file a second-amended petition which clearly defines his grounds for relief. The motion also seeks appointment of a "next friend layman assistant."

On August 23, 2012, Respondent filed an answer to the habeas petition. She argues that Petitioner's second claim (ineffective assistance of trial counsel) is unexhausted and that claims three through five regarding the guilty plea, alleged extortion of money, and victim's conduct are procedurally defaulted.

On September 24, 2012, Petitioner filed another motion to stay these proceedings, and on October 12, 2012, Petitioner filed a reply to Respondent's answer to the habeas petition. Petitioner maintains that the state trial court has not yet ruled on his motion for

relief from judgment and that he intends to amend the motion for relief from judgment. He wants to exhaust all his state court remedies before this Court rules on his habeas petitions. In the alternative, Petitioner asks the Court to deem his claims exhausted.

Respondent contends that the trial court has already denied Petitioner's motion for relief from judgment and that Petitioner's appeal from the trial court's ruling is pending in the Michigan Court of Appeals. The state court docket, however, supports Petitioner's allegation that the state trial court has not yet ruled on his motion for relief from judgment. Although the state trial court denied Petitioner's motion to change the conclusion in his motion for relief from judgment, the state court docket does not reflect an order denying the motion for relief from judgment. Regardless of who is correct about the status of Petitioner's motion for relief from judgment, it is clear that Petitioner is still pursuing state court remedies.

## II. Discussion

The doctrine of exhaustion of state remedies requires state prisoners to fairly present all their claims to the state court before raising their claims in a federal habeas corpus petition. *See* 28 U.S.C. § 2254(b)(1)(A) and § 2254(c); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842, 845, 119 S. Ct. 1728, 1731-32, 144 L. Ed.2d 1 (1999). This means that state prisoners must present each habeas claim to the state court of appeals and to the state supreme court before filing a federal habeas corpus petition. *Wagner v. Smith*, 581 F.3d 410, 414 (6th Cir. 2009).

A dismissal of Petitioner's habeas petitions pending exhaustion of additional state remedies could preclude future consideration of Petitioner's claims due to the expiration of the one-year statute of limitations. *See* 28 U.S.C. § 2244(d). Faced with a similar

3

dilemma, some courts have adopted a "stay-and-abeyance" approach. *Rhines v. Weber*, 544 U.S. 269, 275, 125 S. Ct. 1528, 1534, 161 L. Ed. 2d 440 (2005). Under this approach, courts stay the federal proceedings and hold the habeas petition in abeyance while the inmate returns to state court to pursue remedies for the unexhausted claims. *Id.*, 544 U.S. at 275; 125 S. Ct. at 1534. After the state court completes its review of the inmate's claims, the federal court can lift its stay and allow the inmate to proceed in federal court. *Id.*, 544 U.S. at 275-76, 125 S. Ct. at 1534. Stay and abeyance are permissible when (1) there was good cause for the petitioner's failure to exhaust his claims first in state court, (2) the unexhausted claims are not plainly meritless, and (3) the petitioner is not engaged in abusive litigation tactics or intentional delay. *Id.*, 544 U.S. at 277-78, 125 S. Ct. at 1535.

Petitioner wants to pursue state remedies for one or more claims that are not plainly meritless, and he is not engaged in abusive litigation tactics. Rather, he alleges that he is unschooled in legal procedures and did not fully understand the law when he filed his *pro se* amended petition. He is currently assisted by a paralegal, and he alleges that his appellate attorney was ineffective for failing to raise all his claims on appeal.

The Court concludes that it is not an abuse of discretion to stay this case a second time. Consequently, the motion for a stay [Docket No. 19, filed on September 24, 2012] is **GRANTED**. The Court's stay is conditioned on Petitioner moving to re-open this case, if necessary, within **ninety (90) days** of exhausting state remedies.

The motion to vacate the order requiring a responsive pleading [Docket No. 16, filed on August 1, 2012] is **GRANTED** in part and **DENIED** in part. The request to file a second-amended habeas corpus petition following exhaustion of state remedies is granted. But

the request to vacate the order requiring a responsive pleading is denied as moot, because Respondent has already filed a responsive pleading. To the extent that Petitioner still seeks appointment of a "next friend layman assistant," his request is denied because he is not incompetent, nor facing the death penalty. *Carter v. Bradshaw*, 644 F.3d 329, 335 (6th Cir. 2011), *petition for cert. granted sub nom Tibbal v. Carter*, __ U.S. __, 132 S. Ct. 1738, 182 L. Ed. 2d 528 (2012).

Finally, the Clerk of the Court is ordered to close this case for administrative purposes. This administrative closing shall not be construed as a dismissal or adjudication of Petitioner's claims.

S/Denise Page Hood
Denise Page Hood
United States District Judge

Dated: October 23, 2012

I hereby certify that a copy of the foregoing document was served upon Patrick Fender #691073, 3855 Cooper Street, Jackson, MI 49201 and counsel of record on October 23, 2012, by electronic and/or ordinary mail.

S/LaShawn R. Saulsberry
Case Manager